# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Norfolk Division

TIFFANY SNIDER-JEFFERSON,

   Plaintiff,

v.                Civil Action No. 2:15-cv-406

WAL-MART STORES EAST, LP
t/a WAL-MART, INC. and/or WALMART

and

AMIGO MOBILITY INTERNATIONAL, INC.
t/a AMIGO MOBILITY and/or AMIGO,

   Defendants.

## MEMORANDUM IN RESPONSE TO
## PLAINTIFF'S BRIEF IN OPPOSITION TO AMIGO'S
## MOTION FOR SUMMARY JUDGMENT AND MOTION TO EXCLUDE

NOW COMES Defendant, Amigo Mobility International, Inc. t/a/ Amigo Mobility

and/or Amigo ("Amigo"), by counsel and for its Memorandum in Response to Plaintiff's Brief in

Opposition to Amigo's Motion for Summary Judgment and Motion to Exclude states as follows:

## SUMMARY OF ARGUMENT

In an effort to save the Plaintiff's case from summary judgment, Dr. Bawab has

improperly generated entirely new opinions. *See* Aff. of Dr. Sebastian Bawab. However, his

new opinions are not based on *any* new evidence. *See id.* In fact, every fact or grounds for an

opinion mentioned in his affidavit was readily available to the Plaintiff, her counsel, and/or to

Dr. Bawab at the time he wrote his Rule 26(a)(2) report. Plaintiff is attempting to defeat

Amigo's Motion to Exclude and Motion for Summary Judgment by completely changing the

expected testimony of its lone liability expert, which is improper and in violation of the Federal

Rules of Civil Procedure.  Plaintiff's grounds for avoiding summary judgment in this matter are equally without merit.

## ARGUMENT

### I.     The affidavit submitted by Dr. Bawab is improper.

"A rebuttal expert report is not the proper place for presenting new arguments." *Ebbert v. Nassau County,* 2008 WL 4443238 at 13 (E.D.N.Y. Sept. 26, 2008) (internal quotations omitted).  A party may not, offer "rebuttal" testimony simply as a means of providing additional support for the case in chief.  *Jain v. Abbott Labs., Inc.*, No. 7:13CV00551, 2014 WL 7330805, at *10 (W.D. Va. Dec. 19, 2014) (citing *Allen v. Prince George's County, Md.*, 737 F.2d 1299, 1305 (4th Cir.1984)).  Instead, rebuttal testimony is appropriate to counter *new* facts presented during the defendant's case in chief such as evidence not previously available to plaintiff.  *Id.* "The plaintiff who knows that the defendant means to contest an issue that is germane to the prima facie case (as distinct from an affirmative defense) must put in his evidence on the issue as part of his case in chief."  *Id.*  (internal citations omitted).

In order to make out a *prima facie* case against Amigo, Plaintiff must supply evidence showing that the cart was "unreasonably dangerous" and the this condition produced her injury. *See Logan v. Montgomery Ward & Co.*, 216 Va. 425, 428, 219 S.E.2d 685, 687 (1975).  This is the Plaintiff's burden, not an affirmative defense, and not evidence that is appropriate as rebuttal.

The Court need look no further then Plaintiff's Brief in Opposition to see the true purpose of Dr. Bawab's new affidavit:  in opposing Amigo's motions to exclude and for summary judgment, Plaintiff relies *exclusively* on the new opinions and conclusions made in the new affidavit.  *See* Pl.'s Br. in Opp'n at 9-11.  Not once in its entire "Argument" section of Plaintiff's brief is Dr. Bawab's Rule 26(a)(2) report cited.  *Id.* at 7-13.  In fact, under the section explaining

2

how Dr. Bawab's opinion is relevant and fits with the case the ***only basis cited is the new***

***affidavit***. *Id.* at 9-11.  The actual disclosed opinions and Dr. Bawab's deposition testimony

about the disclosed opinions are completely and conveniently ignored because Plaintiff's counsel

knows that the disclosed opinion is not sufficient to carry the case against Amigo any further.

Dr. Bawab's affidavit also cannot be considered a supplement to his Rule 26(a)(2) report

under Rule 26(e) of the Federal Rules of Civil Procedure.  Supplementation of an expert report is

appropriate to correct inadvertent errors or omissions.  Supplementation, however, is not a

license to offer entirely new opinions to avoid summary judgment once the flaws in the disclosed

opinion have been laid bare.  *See Jain* 2014 WL 7330805, at *10, n.1 (W.D. Va. Dec. 19, 2014)

(citing  *Beller ex rel. Beller v. United States*, 221 F.R.D. 696, 701 (D.N.M.2003) ("[Rule 26(e)]

does not give license to sandbag one's opponent with claims and issues which should have been

included in the expert witness' report ...." (quotation omitted)).   Courts distinguish "true

supplementation" (e.g., correcting inadvertent errors or omissions) from gamesmanship, and

have therefore repeatedly rejected attempts to avert summary judgment by "supplementing" an

expert report with a "new and improved" expert report.  *See, e.g.*, *MicroStrategy, Inc. v. Business

Objects, S.A.*, 429 F.3d 1344, 1353 (Fed. Cir. 2005); *Solaia Tech, LLC v. ArvinMeritor, Inc.*, 361

F.Supp.2d 797, 806 (N.D. Ill. 2005).  Courts have rejected supplemental expert reports that: 1)

"were significantly different" from the expert's original report and effectively altered the

expert's theories; or 2) attempted to "deepen" and "strengthen" the expert's prior reports.  *Beller

ex rel. Beller v. United States*, 221 F.R.D. 689, 695 (D.N.M. 2003).  When a completely new

expert report is filed in response to a motion to exclude, this is in violation of Federal Rule of

Civil Procedure 26(a)(2) and the new report must be excluded from trial.  *See Palmer v. Asarco

Inc.*, No. 03-CV-0498-CVE-PJC, 2007 WL 2254343, at *6 (N.D. Okla. Aug. 3, 2007).

One opposing summary judgment is required to cite to the factual record, which can include affidavits of witnesses. The "Affidavit of Dr. Sebastian Bawab" is, however, a new expert report served long after the deadlines established by the Rule 16(b) order in this action, not a rebuttal or supplemental report. It is offered for the sole purpose of filling gaping holes in the disclosed opinion under both Virginia substantive law and Federal Rule of Evidence 702. As such, the affidavit should be disregarded.

## II.     Summary Judgment is Appropriate.

### a.     Undisputed Facts

Plaintiff does not challenge and therefore admits Amigo's statement of the material, undisputed facts save for a dispute over the exact point of contact between the cart's deck and her ankle. Those facts may, therefore, be considered undisputed for purposes of these motions. The primary "dispute," according to the Plaintiff, is whether the two UL standards cited by defense experts apply in this context. These are the same standards Dr. Bawab ignored as irrelevant to his assignment when preparing his Rule 26(a)(2) report. Whether either standard applies or was violated or has been surpassed by reasonable consumer expectations were all matters Dr. Bawab was required to consider and weigh in on before the expert witness disclosure deadline. It is too late to raise any "dispute" about applicable standards or consumer expectations when this subject was purposefully avoided during development of his opinions.

### b.     Argument

For the reasons stated in this memorandum and Amigo's Motion to Exclude Dr. Bawab, Dr. Bawab's testimony is inadmissible and must be excluded. Without the expert testimony of Dr. Bawab, Plaintiff has no evidence to support her claim that the front edge of the cart—or any

other aspect of the cart—was negligently designed. Taking into consideration all of the undisputed facts and the applicable law, summary judgment is appropriate. Amigo incorporates by reference the arguments presented in its Memorandum in Support of its Motion for Summary Judgment.

Even if the testimony of Dr. Bawab is admitted, his testimony should be limited to the facts and opinions disclosed in his Rule 26(a)(2) report. Supplementation of an expert report—as allowed in Rule 26(e) of the Federal Rules of Civil Procedure—"is not a license to amend an expert report to avoid summary judgment." *Gallagher v. S. Source Packaging, LLC*, 568 F. Supp. 2d 624, 630 (E.D.N.C. 2008). Accordingly, "[c]ourts distinguish true supplementation (e.g., correcting inadvertent errors or omissions) from gamesmanship, and have therefore repeatedly rejected attempts to avert summary judgment by supplementing an expert report with a new and improved expert report." *Id.* at 631. As discussed *supra*, Dr. Bawab's affidavit was not a "supplement" and therefore was not appropriate. Plaintiff should not be allowed to use new, previously undisclosed opinions to avoid summary judgment.

Considering the facts and opinions presented in Dr. Bawab's Rule 26(a)(2) report, there are no genuine issues of material fact to be resolved by the Court. As with Plaintiff's response to Amigo's Motion to Exclude Dr. Bawab, Plaintiff fails to address the substantive arguments made in Amigo's Motion for Summary Judgment and supporting memorandum. Accordingly, Dr. Bawab should be excluded as an expert and Amigo should have summary judgment in its favor. Plaintiff opposes both motions exclusively on the notion that Dr. Bawab's brand new opinions should be considered and that the new opinions save her case from summary disposition. The Court need not and should not consider the affidavit, particularly in view of the lack of any

explanation or justification for Dr. Bawab's failure to consider the relevant issues on a timely basis.

Even if the court considers the late opinions, the Plaintiff still cannot avoid summary judgment. The Plaintiff *still* has no evidence of reasonable consumer expectations. The Plaintiff *still* has no evidence that the proposed design change would have prevented her injury. The Plaintiff *still* has no evidence that the frequency and severity of actual incidents of this type supports an opinion that the design is *unreasonable*. At most, the new opinion questions the relevance of the UL standards and uses stronger language to make the same irrelevant point: rubber padding reduces the chances of getting cut. The case is still an expert saying "I don't like it" without providing sufficient evidence to survive summary judgment. *See Alevromagiros v. Hechinger Co.*, 993 F.2d 417, 420 (4th Cir. 1993). Moreover, the case is still an expert saying that one design is safer than another. *See Garlinger v. Hardee's Food Sys., Inc.*, 16 F. App'x 232, 236 (4th Cir. 2001).

**CONCLUSION**

WHERFORE, for the reasons stated herein, Amigo Mobility International, Inc. respectfully requests that this Honorable Court exclude the testimony of Plaintiff's Expert, Dr. Sebastian Y. Bawab and grant its motion for Summary Judgment, or—in the alternative—hold a FRE 104(a) Hearing on the issue of Dr. Bawab's testimony, and provide any such further relief as this Court deems necessary.

**AMIGO MOBILITY INTERNATIONAL, INC.**

By: _____/s/___James W. Walker_____

James W. Walker (VSB No. 29257)
VANDEVENTER BLACK LLP
707 East Main Street, Suite 1700
Richmond, Virginia 23218-1558
Tel: 804-237-8807
Fax: 804-237-8801
Email: JWalker@vanblk.com

Brett M. Saunders (VSB No. 86348)
VANDEVENTER BLACK LLP
101 West Main Street, Suite 500
World Trade Center
Norfolk, VA 23510
Tel: 757.446.8523
Fax: 757.446.8670
Email: bsaunders@vanblk.com
*Counsel for Amigo Mobility International, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of July, 2016, I electronically filed the foregoing

with the Court using the CM/ECF system which will then send a notification of such filing to the

following:

John B. Gaidies, Esq., VSB # 01204
Lance R. Garner, Esq., VSB # 87552
The Joynes & Gaidies Law Group PC
502 Viking Drive, Suite 201
Virginia Beach, VA 23452

D. Cameron Beck, Jr. Esq., VSB # 39195
Joseph M. Moore, Esq., VSB # 38591
MORRIS & MORRIS, P.C.
11 South 12th Street, 5th Floor
Richmond, VA 23219

                                            /s/    James W. Walker
James W. Walker (VSB No. 29257)
VANDEVENTER BLACK LLP
707 East Main Street, Suite 1700
Richmond, Virginia 23218-1558
Tel: 804-237-8807
Fax: 804-237-8801
Email: JWalker@vanblk.com

Brett M. Saunders (VSB No. 86348)
VANDEVENTER BLACK LLP
101 West Main Street, Suite 500
World Trade Center
Norfolk, VA 23510
Tel: 757.446.8523
Fax: 757.446.8670
Email: bsaunders@vanblk.com

*Counsel for Amigo Mobility International, Inc.*

4830-2645-6372, v. 3