## *IN THE UNITED STATES DISTRICT COURT*
## *FOR THE EASTERN DISTRICT OF VIRGINIA*
Norfolk Division

TIFFANY SNIDER-JEFFERSON,

      Plaintiff,

v.                                                                                                           Civil Action No. 2:15-406

WAL-MART STORES EAST, LP
t/a WAL-MART, INC. and/or WALMART

and

AMIGO MOBILITY INTERNATIONAL, INC.
t/a AMIGO MOBILITY and/or AMIGO,

      Defendants.

### AMIGO MOBILITY INTERNATIONAL'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE SEBASTIAN Y. BAWAB'S REBUTTAL REPORT

NOW COMES, Defendant Amigo Mobility International, Inc. t/a Amigo Mobility and/or Amigo ("Amigo"), by counsel, and for its Memorandum in Support of its Motion to Strike Sebastian Y. Bawab's ("Dr. Bawab") Rebuttal Report states as follows:

### SUMMARY OF ARGUMENT

Dr. Bawab's so-called "rebuttal" report should be struck for the reasons stated in Amigo's Memorandum in Response to Plaintiff's Brief in Opposition (ECF No. 49).[1] Similar to Dr. Bawab's Affidavit filed on July 11, this "rebuttal" report is filled with information and

---

[1] On July 15, 2016 Plaintiff's counsel emailed a copy of "Dr. Sebastian Bawab's Rebuttal Report" ("Rebuttal Report") attached hereto as **Exhibit 1**. As will be explained in more detail below, this report is similar in many respects to the "Affidavit of Dr. Sebastian Bawab" ("Affidavit") previously filed as Exhibit F to Plaintiff's Brief in Opposition to Amigo's Motion for Summary Judgment and Motion to Exclude (ECF No. 49). For convenience, the previously filed Affidavit is attached as **Exhibit 2**.

1

opinions that should have been included in his initial report. The opinions in this report are still not based on *any* new evidence. *See* Dr. Bawab Rebuttal Report. Every fact or grounds for an opinion mentioned in his new report was either already known or readily available to the Plaintiff, her counsel, and/or to Dr. Bawab at the time he wrote his initial Rule 26(a)(2) report had anyone bothered to look. Plaintiff's is attempting to improperly supplement Dr. Bawab's original Rule 26(a)(2) report long after the deadline has expired and after fatal flaws in the timely disclosure have been identified by recasting it as "Rebuttal" in clear violation of the Federal Rules of Civil Procedure and the Rule 16(b) order in this action. Further, Dr. Bawab's new "Rebuttal" Report was not actually signed by Dr. Bawab in violation of Rule 26(a)(2). For these reasons, Dr. Bawab's "Rebuttal" Report should be struck.

## ARGUMENT

**I.     Dr. Bawab's "Rebuttal" Report is outside the scope of allowable rebuttal testimony**

"A rebuttal expert report is not the proper place for presenting new arguments." *Ebbert v. Nassau County,* 2008 WL 4443238 at 13 (E.D.N.Y. Sept. 26, 2008) (internal quotations omitted). A party may not offer "rebuttal" testimony simply as a means of providing additional support for the case in chief. *Jain v. Abbott Labs., Inc.*, No. 7:13CV00551, 2014 WL 7330805, at *10 (W.D. Va. Dec. 19, 2014) (citing *Allen v. Prince George's County, Md*., 737 F.2d 1299, 1305 (4th Cir.1984)). Instead, rebuttal testimony is appropriate to counter *new* facts presented during the defendant's case-in-chief such as evidence not previously available to plaintiff. *Id.* "The plaintiff who knows that the defendant means to contest an issue that is germane to the prima facie case (as distinct from an affirmative defense) must put in his evidence on the issue as part of his case in chief." *Id.* (internal citations omitted).

In order to make out a *prima facie* case against Amigo, Plaintiff must supply evidence showing that the cart was "unreasonably dangerous" and that this condition produced her injury. *See Logan v. Montgomery Ward & Co.*, 216 Va. 425, 428, 219 S.E.2d 685, 687 (1975). This is the Plaintiff's burden, not an affirmative defense, and not evidence that is appropriate as rebuttal.

Dr. Bawab's Rebuttal Report is full of opinions that are necessary to meet plaintiff's burden of proof in this case. For the first time, Dr. Bawab opines that the Amigo cart at issue actually violates an industry standards.[2] *See* Rebuttal Report at p.5. Also for the first time, Dr. Bawab claims that the design of the cart is dangerous and defective for its intended use. *See* Rebuttal Report at 5. There is no doubt that both of these opinions are necessary for plaintiff's case in chief and are not in any way true "rebuttal" opinions. Every single opinion stated in Dr. Bawab's Rebuttal Report could have been stated in his previous Rule 26(a)(2) report, and appears to be an effort to fix the flaws in the timely report after Amigo moved to exclude Dr. Bawab's testimony.

As stated by Amigo in its Memorandum in Response to Plaintiff's Brief in Opposition, the best evidence to show how much plaintiff needs these new opinions, and has abandoned the old ones, is the fact that Plaintiff's Brief in Opposition to Amigos Motion for Summary Judgment and Motion to Exclude not once cites Dr. Bawab's actual Rule 26(a)(2) report. *See* Plaintiff's Brief in Opposition to Amigo's Motion for Summary Judgment and Motion to Exclude Plaintiff's (ECF No. 49) at p. 7-13. In fact, under the section explaining how Dr. Bawab's opinion is relevant and "fits" with the case, the only basis cited are the opinions from

---

[2] The Society of Automobile Engineers (SAE) standard referenced – J966 – involves procedures for measuring passenger car tire revolutions per minute. It is difficult to see how that standard could possibly apply to this product, and Dr. Bawab (or whoever wrote the report) does not explain what the standard is or why it applies.

3

what was then called an affidavit and is now styled as a Rebuttal Report, which were completely absent in Dr. Bawab's original Rule 26(a)(2) report. *Id.* at p. 9-11.

The new Rebuttal Report is being offered for the sole purpose of filling gaping holes in the disclosed opinion under both Virginia substantive law and Federal Rule of Evidence 702. Nothing in the Rebuttal Report is based on *any* new evidence. Basic opinions in a products liability case such as the fact that a product has violated an industry standard and that the design of the product is unreasonably dangerous cannot possibly be considered "rebuttal" evidence. As such, Dr. Bawab's Rebuttal Report should be stricken from this case.

### II. Dr. Bawab's "Rebuttal" Report was not signed by Dr. Bawab

The Federal Rules of Civil Procedure require that reports from retained experts must be "signed by the witness." *See* Fed. R. Civ. P. 26(a)(2)(B). On July 11th, plaintiff's counsel filed an Affidavit executed by Dr. Bawab as an exhibit to the brief opposing Amigo's motions to exclude Dr. Bawab and for summary judgment. The "Rebuttal Report" served on July 15, 2016 is substantially similar, but there are some curious and substantive differences. However, the signature pages for the Affidavit and Rebuttal Report are identical. Since the Affidavit was signed and submitted on July 11th, this can only mean that Dr. Bawab never actually signed the edited Affidavit now re-titled as a Rebuttal Report.

At first glance the original Affidavit and new Rebuttal Report appear to be the same documents, however when the two are compared some material differences can be noted. Some of the changes are minor word omission errors, such as the removal of the word "experience" in the Rebuttal Report on page 3, so that the sentence now reads "I have over 25 years of industrial sponsored projects." instead of the original wording, "I have over 25 years' experience of industrial sponsored projects…" *See* page 3 of **Exhibit 1** and **Exhibit 2** at subheading 2. Others

changes, however, are substantive. For example, the entire argument that the Amigo cart at issue does not comply with UL 1439 has been removed from the Rebuttal Report. *See* page 7 of **Exhibit 1** and **Exhibit 2.** The Rebuttal Report, for the first time, claims that "SAE standard J966" is an appropriate standard to be applied to the Amigo cart, even though this was completely left out of the Affidavit. *See* page 6-7 of **Exhibit 1** and **Exhibit 2.** Page 7 of the Rebuttal Report also contains a new, large, blank space at the bottom of the page as well. *See* page 7 of **Exhibit 1** and **Exhibit 2.** However, as stated above, the final page of the Rebuttal Report and the Affidavit, including the signatures by Dr. Bawab, are identical. *See* page 9 of **Exhibit 1** and **Exhibit 2**. The obvious purpose of the addition of large blank spaces (and possibly the reference to an irrelevant standard) is to make sure the signature page for the new report will line up with the signature page of the affidavit.

     As shown on page 9 of both the Affidavit of Dr. Bawab, filed with the court on July 11, and the Rebuttal Report sent on July 15, both were "signed" by Dr. Bawab and notarized on July 11, 2016. *See* page 9 of **Exhibit 1** and **Exhibit 2**. Both have the same squeezed in "Virginia Beach" handwriting along with identical dates indicating when the notary's commission expires, including a slight illegible marking next to the year. *Id*. There is no doubt that the two signature pages for these two documents are the same, while the reports themselves are different. The only conclusion to be drawn from this is that Dr. Bawab never actually signed the Rebuttal Report and instead only signed the first Affidavit. Because Dr. Bawab never signed the Rebuttal Report, it should be stricken from the record in this case. As a practical matter, the continued editing reveals that Dr. Bawab (or plaintiff's counsel) still hasn't decided what his opinions are or what facts support them.

## CONCLUSION

WHERFORE, for the reasons stated herein, Amigo Mobility International, Inc. respectfully requests that this Honorable Courts grant its Motion to Strike Sebastian Y. Bawab's Rebuttal Report and provide any such further relief as this Court deems necessary.

**AMIGO MOBILITY INTERNATIONAL, INC.**

By: _____/s/___James W. Walker_____

James W. Walker (VSB No. 29257)
VANDEVENTER BLACK LLP
707 East Main Street, Suite 1700
Richmond, Virginia 23218-1558
Tel: 804-237-8807
Fax: 804-237-8801
Email: JWalker@vanblk.com

Brett M. Saunders (VSB No. 86348)
VANDEVENTER BLACK LLP
101 West Main Street, Suite 500
World Trade Center
Norfolk, VA 23510
Tel: 757.446.8523
Fax: 757.446.8670
Email: bsaunders@vanblk.com
*Counsel for Amigo Mobility International, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of July, 2016, I electronically filed the foregoing with the Court using the CM/ECF system which will then send a notification of such filing to the following:

>John B. Gaidies, Esq., VSB # 01204
>Lance R. Garner, Esq., VSB # 87552
>The Joynes & Gaidies Law Group PC
>502 Viking Drive, Suite 201
>Virginia Beach, VA 23452
>
>D. Cameron Beck, Jr. Esq., VSB # 39195
>Joseph M. Moore, Esq., VSB # 38591
>MORRIS & MORRIS, P.C.
>11 South 12th Street, 5th Floor
>Richmond, VA 23219

                                               /s/    James W. Walker
                                        James W. Walker (VSB No. 29257)
                                        VANDEVENTER BLACK LLP
                                        707 East Main Street, Suite 1700
                                        Richmond, Virginia 23218-1558
                                        Tel: 804-237-8807
                                        Fax: 804-237-8801
                                        Email: JWalker@vanblk.com

                                        Brett M. Saunders (VSB No. 86348)
                                        VANDEVENTER BLACK LLP
                                        101 West Main Street, Suite 500
                                        World Trade Center
                                        Norfolk, VA 23510
                                        Tel: 757.446.8523
                                        Fax: 757.446.8670
                                        Email: bsaunders@vanblk.com

                                        *Counsel for Amigo Mobility International, Inc.*

4835-3046-7637, v. 1